UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                               :
NEIL PERSH,                            :
                      Plaintiff,    :
                                :
             -against-      :
                                :
ALDO PETERSEN,                 :
                    Defendant.   :
                                :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__09/14/2015__

15 Civ. 1414 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

This action arises from an alleged breach of an oral agreement involving the parties.

Plaintiff Neil Persh alleges six claims: (1) breach of oral agreement, (2) tortious interference with

prospective business advantage, (3) conversion, (4) breach of fiduciary duty, (5) negligent

misrepresentation and (6) fraud.  Defendant Aldo Petersen moves to dismiss this action for lack

of personal jurisdiction and improper venue, among other reasons, pursuant to Rules 12(b)(2) and

12(b)(3) of the Federal Rules of Civil Procedure.[1]  For the following reasons, Defendant's motion

is denied.

**BACKGROUND**

The facts below -- limited to allegations relevant to personal jurisdiction and venue -- are

taken from Plaintiff's Amended Complaint ("Complaint") and assumed to be true for purposes of

this motion.

Plaintiff is a resident of New York County.  Defendant is a citizen and resident of

Denmark.  The parties were business partners for "many years" and "developed a close friendship

and working relationship."  In 2011, the parties met on "numerous occasions, specifically in New

---

[1]    Defendant also moves to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure.  A separate opinion and order will address this portion of
the motion.

York, New York" to structure an equity acquisition deal.  On at least one occasion, the parties

met at a New York hotel in which Petersen was staying and discussed "specifics of the deal."

The parties formed an entity called Liqtech USA, a Delaware corporation, for the purpose

of acquiring the shares in three companies, one of which is a Delaware corporation.  The parties

retained a New York-based attorney to represent Liqtech USA and met with this attorney in New

York, New York on "multiple occasions."  According to the Complaint, Defendant "frequently"

traveled to New York City to attend various meetings related to the acquisition deal.  The parties

met with two securities firms in New York to discuss additional financing for Liqtech, and listing

Liqtech on the New York Stock Exchange.

Liqtech USA contracted to purchase shares and equity interests in their target companies;

the purchase price was to be paid in a combination of cash, Liqtech USA common stock and

promissory notes denominated in Danish Kroner.  To raise the funds required for this purchase,

Liqtech USA also sold shares of its common stock to other individuals and entities.  One such

individual -- David Nemelka -- proposed purchasing Liqtech USA shares for, in part, a

promissory note in the principal amount of $4 million.  Liqtech USA, however, required Nemelka

to issue this promissory note denominated in Danish Kroner.

To assuage concerns Nemelka had concerning fluctuations in the exchange rate between

Danish Kroner and U.S. Dollars, the parties -- assisted by Liqtech USA's New York attorney --

came up with the idea for an ancillary "currency agreement" during a meeting in New York City.

In the planned currency agreement, the parties would agree to assume any risks and benefits of

exchange rate fluctuation that Nemelka would face in issuing his note in Kroner.  On several

occasions, the parties met in New York City to discuss this currency agreement.

The parties and Nemelka exchanged draft versions of a written currency agreement, which

2

Persh and Nemelka signed.  The draft agreement contains a forum-selection clause in which the parties and Nemelka would have agreed to "submit to the exclusive jurisdiction of any state or federal court sitting in Salt Lake City, Utah for the purpose of any action arising out of [or] relating to this Agreement."  Ultimately, however, for reasons unclear from the face of the Complaint, Defendant never signed the agreement.  The Complaint alleges, however, that the parties and Nemelka "came to an unequivocal oral agreement on the material terms" contained in the draft currency agreement.

The Complaint alleges that Defendant received payment under this agreement but failed to pay any of the proceeds to Plaintiff.  The Complaint seeks as damages Plaintiff's share of the proceeds under the oral agreement, and asserts alternative theories for the same relief in the event the agreement is found to be unenforceable.

Both parties submitted affidavits in connection with the motion -- the Plaintiff's supporting the jurisdictional allegations in the Complaint, and the Defendant's refuting them.

## STANDARD

Defendant asks the Court to dismiss this action for lack of personal jurisdiction.  "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has [personal] jurisdiction over the defendant."  *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)).  "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction."  *Id.* at 566 (citation omitted).  Where "a court relies on pleadings and affidavits, rather than conducting a 'full-blown evidentiary hearing,' the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant."  *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d

3

Cir. 2001) (citation omitted); *accord Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). "Such a showing entails making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (alteration in original) (citation omitted).

## DISCUSSION

### I.   APPLICABLE LAW

#### A.   Personal Jurisdiction

The Court engages in a two-step inquiry to determine whether it has personal jurisdiction over a defendant.  First, the Court determines whether there is personal jurisdiction over the defendant under the laws of the forum state.  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007).  If so, the Court determines whether asserting jurisdiction would be consistent with the requirements of due process under the Fourteenth Amendment.  *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).

"Personal jurisdiction over a defendant in a diversity action in the United States District Court for the Southern District of New York is determined by reference to the relevant jurisdictional statutes of the State of New York."  *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (citations omitted).

Section 302 of the New York Civil Practice Law and Rules ("CPLR") governs the exercise of personal jurisdiction in New York over non-domiciliaries such as Defendant.  *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001).  Section 302(a) provides in relevant part: "[a]s to a cause of action arising from any of the acts enumerated in this section, a court [in New York] may exercise personal jurisdiction over any non-domiciliary . . . who . . .

transacts any business within the state."  N.Y. C.P.L.R. § 302(a)(1).

Section 302(a) by its terms requires that the cause of action arise out of the enumerated act that provides a nexus to New York, in this case the transaction of business in New York.  *See Agency Rent a Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996) ("[A] court may exercise personal jurisdiction over any foreign defendant who 'transacts any business within the state,'" so long as "the claim . . . 'arise[s] from' the transaction of business within the state." (citations omitted)).  "A claim 'arises out of a defendant's transaction of business in New York 'when there exists 'a substantial nexus' between the business transacted and the cause of action sued upon.'"  *Id.* at 31 (citations omitted).

The due process analysis consists of two separate parts: the "minimum contacts" inquiry and the "reasonableness" inquiry.  The minimum contacts inquiry requires a court to consider "the relationship among the defendant, the forum, and the litigation."  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).  "To establish the minimum contacts necessary to justify 'specific' jurisdiction, the [plaintiff] first must show that [his] claim arises out of or relates to [defendant's] contacts with [the forum state]."  *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 242 (2d Cir. 1999) (alterations in original) (citations omitted).  In addition, a plaintiff must demonstrate that the defendant "'purposefully availed' [himself] of the privilege of doing business in [the forum state] and that [the defendant] could foresee being 'haled into court' there."  *Id.* at 242-43 (alterations in original) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial

justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (internal quotation marks omitted). "Relevant factors at this second step of the analysis may include: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; and (3) the plaintiff's interest in obtaining convenient and effective relief." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013) (internal quotation marks and alterations omitted). To defeat personal jurisdiction on due process grounds, a defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

### B. Venue

By statute, civil actions may be brought, inter alia, in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). "[Section] 1391(b)(2) contemplates that venue can be appropriate in more than one district and permits venue in multiple judicial districts as long as a 'substantial part' of the underlying events took place in those districts." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (internal quotation marks omitted).

In analyzing the propriety of venue under § 1391(b)(2), a two-part analysis is applied. "First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims." *Id.* "Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether significant events or omissions material to those claims have occurred in the district in question." *Id.* (internal quotation marks and alterations omitted). "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed . . . substantial, but when a

6

close nexus is lacking, so too is the substantiality necessary to support venue." *Id.* at 433.

## II.    APPLICATION

For the following reasons, Defendant's motion to dismiss for lack of personal jurisdiction and improper venue is denied.

Accepting the Complaint's allegations as true for purposes of this motion, the exercise of personal jurisdiction is permissible here under CPLR § 302(a).  Plaintiff's claims have a substantial nexus with business that Defendant transacted in New York.  Plaintiff alleges that Defendant breached an oral agreement, the terms of which were negotiated and discussed in substantial part in New York.  The Complaint alleges, inter alia, that (1) the parties met several times in New York City to discuss the acquisition deal; (2) the parties formed a corporation and retained a New York-based attorney to represent the corporation; and (3) the parties met several times with that attorney in New York.  Most critically, however, the Complaint alleges that (4) in order to secure financing for the acquisition deal, the parties came up with the idea for the currency agreement during a meeting in New York and (5) they met in New York to finalize the acquisition deal and the currency agreement.  These allegations are sufficient to establish personal jurisdiction.  *See Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 102 (2d Cir. 2006) (finding nexus where plaintiff's decision to enter into contract based in part on business plan sent by defendant to plaintiff's home in New York, negotiation of agreement involved plaintiff's New York-based attorney and defendant traveled to New York for several meetings related to contract).  These allegations are also sufficient to establish that Defendant "purposefully availed [him]self of the privilege of doing business in New York." *Kernan*, 175 F.3d at 244 (internal quotation marks omitted).

Furthermore, the exercise of personal jurisdiction here is reasonable in terms of due process. *See Metro. Life Ins.*, 84 F.3d at 568 ("The second stage of the due process inquiry asks . . . whether [personal jurisdiction] is reasonable under the circumstances of the particular case."). First, although "[t]here would, of course, be a substantial burden imposed on [Defendant]" -- a resident of Denmark -- "if [he] is forced to defend a suit in New York," "the conveniences of modern communication and transportation ease what would have been a serious burden only a few decades ago." *Kernan*, 175 F.3d at 244 (quoting *Metro. Life Ins.*, 84 F.3d at 574)).  Second, "the U.S. has an interest in ensuring that its citizens have a means of redress when injured by foreign entities, and New York has an interest in ensuring that [parties] transacting business in New York comply with the law." *Levitin v. Sony Music Entm't*, No. 14 Civ. 4461, 2015 WL 1849900, at *9 (S.D.N.Y. Apr. 22, 2015) (finding personal jurisdiction reasonable where foreign distributors obtained recordings in dispute in New York).  Plaintiff -- a resident of New York County -- also has a strong interest in obtaining convenient and effective relief in this District.

Venue is also proper, for the same reasons that section 302(a) permits the exercise of personal jurisdiction here.  *See Daniel*, 428 F.3d at 433.

Defendant's arguments to the contrary are unavailing.  First, Defendant argues that the parties are bound by the forum-selection clause in the draft written agreement.  This argument is specious, however, as the parties agree that Petersen never signed the written agreement, and Peterson asserts that the breach of contract claim should be dismissed because he is not bound by the agreement.  *See Scheck v. Francis*, 26 N.Y.2d 466, 469-70 (1970) ("It is well settled that, if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed."); *accord United Mobile Technologies, LLC v. Pegaso PCS, S.A. de C.V.*,

8

509 F. App'x 48, 50 (2d Cir. 2013) (summary order) ("Under New York contract law, it is well

established that even if the parties have agreed upon all the terms of a proposed contract, if they

do not intend to be bound by an agreement until it is in writing and signed, then there is no

contract until the written instrument is executed." (citing *R.G. Grp., Inc. v. Horn & Hardart Co.*,

751 F.2d 69, 74 (2d Cir. 1984)).

Second, Defendant argues that, in declarations submitted in support of his motion, he has

refuted the jurisdictional allegations in the Complaint.  Quoting the decision in *Merck & Co. v.

Mediplan Health Consulting, Inc.*, Defendant argues that, "[w]here a 'defendant rebuts plaintiff's

unsupported allegations with direct, highly specific, testimonial evidence regarding a fact

essential to jurisdiction -- and plaintiffs do not counter that evidence -- the allegation may be

deemed refuted.'"  425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006).  This proposition, however, has

been rejected by the Second Circuit and is not good law.  *Dorchester Fin. Sec., Inc. v. Banco

BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013) (quoting *Merck* and holding that "this Court has never

adopted that standard . . . , and we decline to do so now").  In the absence of an evidentiary

hearing, a prima facie showing is sufficient for the exercise of personal jurisdiction,

"notwithstanding any controverting presentation by the moving party."  *Id*. (quoting *Marine

Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981)) (alteration omitted).

Third, Defendant argues in its opening brief -- and provides an affidavit by a Danish

lawyer in support -- that Plaintiff failed to effectuate proper service.  Defendant argues that,

although Plaintiff purports to have properly served Defendant with a Summons with Notice under

Article 5 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters (the "Hague Convention"), the Summons did not

contain "the requisite presentation of facts and law supporting [Plaintiff]'s claims, or a sufficient

description of documents and evidence [Plaintiff] intends to rely on to support his claims," as required by Danish law.  Plaintiff responded to Defendant's service argument, but Defendant did not mention service at all in his reply brief, and therefore may have abandoned it.  *See In re Hoti Enterprises, L.P.*, No. 13 Civ. 3638, 2014 WL 1244779, at *4 (S.D.N.Y. Mar. 26, 2014) ("[Bankruptcy appellant] does not address [appellee]'s response in his reply and is therefore deemed to have abandoned this argument." (collecting cases)), *aff'd*, 605 F. App'x 67 (2d Cir. 2015).

Assuming that Defendant intends to stand on his original argument and not to waive it, Defendant's service argument fails on the merits.  It is undisputed that Defendant's wife accepted service of the Summons with Notice at Defendant's last known residence.  It is also undisputed that the "Central Authority" of Denmark -- as defined by the Hague Convention -- sent to Plaintiff's counsel a certificate of service, confirming that Defendant was "[s]erved in accordance with the laws of Denmark under Article 5 of the Hague Service Convention."  Defendant does not dispute that he received actual notice of this action.

It is well established that "[t]he Central Authority's return of a completed certificate of service is 'prima facie evidence that the Authority's service . . . was made in compliance with the Convention.'"  *Res. Trade Fin., Inc. v. PMI Alloys, LLC*, No. 99 Civ. 5156, 2002 WL 1836818, at *4 (S.D.N.Y. Aug. 12, 2002) (quoting *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1389 (8th Cir. 1995), and collecting cases).  Even if Plaintiff had not fully complied, "where the plaintiff made a good faith attempt to comply with the Convention, and where the defendant received sufficient notice of the action such that no injustice would result, it is within the [district court]'s discretion to deem service of process properly perfected."  *Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 335 (S.D.N.Y.

2008) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 301 (2d Cir. 2005)); *accord Burda Media*, 417 F.3d at 301 (holding that "the Hague Convention should be read together with Rule 4 [of the Federal Rules of Civil Procedure], which stresses actual notice, rather than strict formalism" (internal quotation marks omitted)).  Here, as Plaintiff received a certificate of service from the Central Authority of Denmark and Defendant does not allege a failure to receive actual notice of this action, service is proper.

Accordingly, the exercise of personal jurisdiction is permissible here, and venue is proper in this District.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of personal jurisdiction and improper venue is DENIED.

SO ORDERED.

Dated: September 14, 2015
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

11