```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NEIL PERSH,                                                 :
                                        Plaintiff,          :
                                                            :      15 Civ. 1414 (LGS)
              -against-                                     :
                                                            :      OPINION AND ORDER
ALDO PETERSEN,                                              :
                                        Defendant.          :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/2015

LORNA G. SCHOFIELD, District Judge:

      This action arises from an alleged breach of an oral agreement among the parties to this action and a third person. Plaintiff Neil Persh asserts six claims: (1) breach of an oral agreement, (2) tortious interference with prospective business advantage, (3) conversion, (4) breach of fiduciary duty, (5) negligent misrepresentation and (6) fraud. Defendant moves to dismiss the Amended Complaint (the "Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied in part and granted in part.

**BACKGROUND**

      The facts below are based solely on the allegations in the Complaint.

      The parties formed an entity called Liqtech USA, a Delaware corporation, for the purpose of acquiring the shares of three companies: Liqtech A/S, Liqtech International DK and Liqtech Delaware. In June 2011, Liqtech USA contracted to purchase shares and equity interests in the three target companies.

      To raise the funds required for this purchase, Liqtech USA sold some of its own common stock to other individuals and entities. One such individual -- David Nemelka -- proposed

purchasing Liqtech USA common stock for cash and a promissory note in the principal amount of $4,000,000 USD.  Liqtech USA, however, required Nemelka to issue this promissory note denominated in Danish Kroner.

To assuage Nemelka's concerns about exchange rate fluctuations between the Danish Kroner and U.S. Dollars, the parties here, Plaintiff Persh and Defendant Petersen, devised a solution -- they would assume the risks and benefits of the currency fluctuation.  In around August 2011, the parties and Nemelka exchanged drafts of a written agreement reflecting this concept.  Persh and Nemelka ultimately signed the written agreement, but Petersen did not.  The Complaint alleges that in August 2011 the parties and Nemelka "came to an unequivocal oral agreement on the material terms" contained in the draft currency agreement (the "Oral Agreement"), and that the express agreement occurred in conversations between and among Petersen, Persh, their attorney, Nemelka, and Nemelka's attorney."  The terms of payment were that the note was due on or before June 30, 2012, and that payment was due immediately thereafter.

In the months after August, the Danish Kroner continued to weaken in relation to the USD.  In order to reduce the amount that Nemelka would have to pay, Nemelka and Petersen agreed to cut Persh out of the deal by agreeing to deny the existence of their agreement.  When Nemelka's note matured, Nemelka was required to pay only approximately $3,200,000 USD to satisfy the Kroner denominated note.  Pursuant to the terms of the Oral Agreement, Nemelka owed Plaintiff and Defendant jointly approximately $800,000 USD, or $400,000 USD each.  In June 2012, Plaintiff demanded payment of this sum from Nemelka, who replied that neither Nemelka nor Defendant believed an agreement governing the currency transaction to be in force.

On about June 28, 2012, Plaintiff's company, Laksya Ventures, received a wire transfer for $357,516.38 USD from a company that Liqtech USA had acquired, Liqtech A/S. This sum was paid pursuant to the acquisition agreements, and was unrelated to the currency transaction with Defendant and Nemelka. In an affidavit dated January 6, 2015, Defendant stated that this payment to Laksya Ventures "was evidence of payment to Neil Persh and I, Aldo Petersen, received an identical amount." The Complaint alleges that in or around June 2012, Defendant, but not Plaintiff, received payment under the Oral Agreement and failed to pay any of the proceeds to Plaintiff.

On January 7, 2015, Plaintiff filed this action in state court. On February 26, 2015, Defendant removed the action to this Court. The Complaint seeks as damages Plaintiff's share of the proceeds under the Oral Agreement, and asserts alternative theories for the same relief in the event the Oral Agreement is found to be unenforceable.

## STANDARD

On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68 (2d Cir. 2014). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Keiler* 751 F.3d at 68.

## DISCUSSION

I.   **Breach of Oral Agreement**

Defendant's motion to dismiss the claim of breach of an oral agreement is denied, as the Complaint sufficiently alleges facts that, if true, state a plausible claim. Under New York law, a

plaintiff must allege "formation, terms, and alleged breach of the oral agreement" to state a claim for breach of an oral agreement, and those allegations must be "sufficiently particular to give the defendants notice 'of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action.'" *Cottone v. Selective Surfaces, Inc.*, 892 N.Y.S.2d 466, 68 A.D.3d 1038, 1039 (2d Dep't 2009).[1]

For a contract to be enforceable, the parties must agree to its material terms, but they need not do so in writing. *Express Indus. & Terminal Corp. v. N.Y. State Dep't of Transp.*, 93 N.Y.2d 584, 589 (2006) ("To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms."); *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 252-53 (2d Cir. 2006) (applying requirement of mutual assent to oral agreement). The existence of an unexecuted written agreement does not preclude the existence of a binding oral agreement. "Under New York law, parties are free to enter into a binding contract without memorializing their agreement in a fully executed document. This freedom to contract orally remains even if the parties contemplate a writing to evidence their agreement." *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985); *accord Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1995); *Galanis v. Harmonie Club of City of New York*, No. 13 Civ. 4344, 2014 WL 4928962, at *8 (S.D.N.Y. Oct. 2, 2014).

In New York, the elements for breach of contract are: "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual

---

[1] This opinion applies New York law because both parties do. *See Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009) ("The parties' briefs assume that New York substantive law governs the issues ... presented here, and such implied consent is, of course, sufficient to establish the applicable choice of law."). Defendant, however, also applies Utah law, as provided in the draft written agreement, but states that the two laws are effectively the same for purposes of this motion.

obligations, and damages resulting from the breach." *El-Nahal v. FA Mgmt., Inc.*, 5 N.Y.S.3d 201, 126 A.D.3d 667, 668 (2d Dep't 2015).

The Complaint sufficiently alleges that the parties agreed to the material terms of an oral agreement. Although the draft written contract in this case may require a signature to be enforceable, Plaintiff seeks to enforce a separate oral agreement that differs in some respects from the written agreement. Pursuant to the Oral Agreement, Nemelka would purchase the note issued in Danish Kroner and, in exchange, Plaintiff and Defendant would assume the risk of currency fluctuation. If Nemelka received less than $4,000,000 when the note came due in Danish Kroner and Nemelka converted it to U.S. Dollars, Plaintiff and Defendant would compensate him with the difference. However, if Nemelka received more than $4,000,000, Nemelka would compensate Plaintiff and Defendant with the difference, which would be divided evenly between Plaintiff and Defendant. The Complaint also alleges how the Oral Agreement occurred -- by express assent in conversations among the parties, Nemelka and their attorneys.

The remaining elements are also alleged: that Plaintiff performed by assuming the currency fluctuation risk; that Defendant received a payment from Nemelka, as evidenced by the January 6, 2015, affidavit, and breached by failing to pay Plaintiff his share of the proceeds; and that Plaintiff was damaged as a result. Drawing all inferences in favor of Plaintiff, including his interpretation of the January 6, 2015, affidavit, the Complaint alleges a sufficient claim of breach of an oral agreement.

Defendant's argument that the alleged Oral Agreement is invalid under the Statute of Frauds, N.Y. Gen. Oblig. Law § 5-701, is unavailing. The Statute of Frauds generally requires agreements to be in writing, but excludes contracts to be made within one year. *Id*. § 5-701(a)(1). The terms of the alleged Oral Agreement required performance within one year; the

Complaint alleges that the parties agreed in August 2011 and that payment was due in June 2012. The Statute of Frauds specifically requires a writing for a promise to answer for the debt of another. *Id.*§ 5-701(a)(2). Here, the alleged Oral Agreement is not such a promise. The Oral Agreement as alleged does not require Defendant to pay in Nemelka's stead, but rather requires that Defendant share with Plaintiff any monies received from Nemelka. As alleged, the Oral Agreement does not violate the Statute of Frauds. The motion to dismiss the claim of breach of an oral agreement is denied.

## II. Tortious Interference with Prospective Economic Advantage

The Complaint pleads in the alternative a claim of tortious interference with prospective business advantage in the event there is no enforceable agreement. This claim is dismissed because the Complaint does not sufficiently allege that Defendant acted with the "sole purpose of harming the plaintiff or used dishonest, unfair, or improper means." *See Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012) (citing *Purgess v. Sharrock*, 33 F.3d 134, 141 (2d Cir. 1994) (noting that under New York law, elements of claim for tortious interference with prospective economic advantage are: "(1) business relations with a third party; (2) defendants' interference with those business relations; (3) defendants acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (4) injury to the relationship").

The Complaint alleges that in around 2011, "[b]ut for Petersen's wrongful and tortious conduct," the parties and Nemelka "would have entered into the Currency Agreement." The Complaint describes the wrongful conduct as "Petersen inducing Nemelka to cut Persh out of the potential upside of the contemplated Currency Agreement so that Petersen could reap the benefits for himself." The claim in substance is that Petersen persuaded Nemelka not to do the

three-party currency deal that included Persh, because he (Petersen) could make a better deal without Persh. Although this behavior may not have been nice, it was not tortious.

A claim for interference with prospective economic advantage requires that a defendant either acted with malicious intent or used wrongful means to interfere with Plaintiff's prospective business advantage. *Raedle*, 670 F.3d at 417; *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006) ("Under New York law, to state a claim for tortious interference with prospective economic advantage, the plaintiff must allege that . . . the defendant acted solely out of malice, or used dishonest, unfair, or improper means.") (internal citation and quotation marks omitted). Acting in economic self-interest, as Defendant allegedly did here, is not sufficient to show malicious intent. *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 412 (S.D.N.Y. 2009) ("[A]n action taken in economic self-interest is not an action taken 'for the sole purpose of inflicting intentional harm on plaintiffs.'") (internal citation omitted). The Complaint also does not allege that Defendant used wrongful means. In this context, wrongful means "include physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure." *Connolly v. Wood-Smith*, No. 11 Civ. 8801, 2014 WL 1257909, at *4 (S.D.N.Y. 2014) (internal citation omitted). "The wrongful means requirement makes alleging and proving a tortious interference claim with business relations 'more demanding' than proving a tortious interference with contract claim." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 133 (2d Cir. 2008) (Sotomayor, J.). Because the Complaint includes no allegations of either malicious intent or wrongful means employed in the course of interference, this claim does not survive.

**III.     Conversion**

Plaintiff's claim of conversion is dismissed.  To state a claim for conversion under New York law, a plaintiff must plead that the defendant "intentionally and without authority, assume[d] or exercise[d] control over personal property belonging to [the plaintiff], interfering with [plaintiff's] right of possession." *Colavito v. N.Y. Organ Donor Network, Inc*., 8 N.Y.3d 43, 49-50 (2006).  However, "an action in conversion does not lie to enforce a mere obligation to pay money," absent "a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." *Alzheimer's Disease Resource Center, Inc. v. Alzheimer's Disease and Related Disorders Ass'n, Inc.*, 981 F. Supp. 2d 153, 163 (S.D.N.Y. 2013) (internal citation and quotation marks omitted); *accord Thys v. Fortis Sec*., LLC, 903 N.Y.S.2d 368, 74 A.D.3d 546, 547 (1st Dep't 2010).  The Complaint does not allege any dispute over personal property or a specific fund.  The conversion claim is dismissed.

**IV.     Breach of Fiduciary Duty**

Plaintiff's claim of breach of fiduciary duty is dismissed.  Applying New York law, the Second Circuit has held that "[a] fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Krys v. Butt*, 486 F. App'x 153, 155 (2d Cir. 2012) (quoting *EBC I, Inc. v. Goldman Sachs &Co.*, 5 N.Y.3d 11, 19 (2005).  A fiduciary relationship "is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions." *Id.*  "If the parties do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them." *Id.*

Plaintiff does not allege facts supporting any relationship with Defendant beyond those arising in arm's length business transactions. The Complaint asserts a fiduciary duty arising from the parties' relationship as "friends" and "business partners for many years," and "partners" in the Liqtech acquisition and the related currency agreement. The Complaint seems to assert only that the parties engaged in a series of arms-length business transactions that engendered feelings of trust. Friendship does not create a fiduciary relationship, nor does collaboration in the sense that that the Complaint uses the word "partners." No partnership or other legal relationship that would create a fiduciary obligation is alleged. A fiduciary relationship will not be read into a contract that otherwise would not give rise to a fiduciary duty. *Krys v. Butt*, 486 F. App'x 153, 155 (2d Cir. 2012) (quoting *EBC I, Inc. v. Goldman Sachs &Co.*, 5 N.Y.3d 11, 19 (2005). The fiduciary duty claim is dismissed.

## V.     Negligent Misrepresentation

Plaintiff's claim of negligent misrepresentation is dismissed.

> To state a claim for negligent misrepresentation under New York law, the plaintiff must allege that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.

*Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 114 (2d Cir. 2012) (internal citation and quotation marks omitted).

The Complaint alleges that the negligent misrepresentation here is Defendant's denial that the currency agreement is in force. The claim fails because the Complaint fails to allege facts supporting the first and fifth elements. It asserts a special relationship based on the parties' "partnership" (which even the Complaint places between quotation marks). These allegations

9

are insufficient for reasons discussed above concerning the lack of any fiduciary relationship. The Complaint further asserts that Plaintiff reasonably relied by refraining from trying to collect the monies due to him. This statement is belied by the Complaint, which asserts a series of efforts in June 2012 and in November and December 2014 to collect the monies. This action is also an indisputable effort to collect the monies. For these reasons, the negligent misrepresentation claim is dismissed.

## VI.   Fraud

Plaintiff's fraud claim fails to allege the essential element of reliance. To state a claim for fraud under New York law, a plaintiff must allege "representation of material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury." *Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.*, 929 N.Y.S.2d 3, 9 (2011). This claim fails for the same reason that Plaintiff's claim of negligent misrepresentation fails. Although Plaintiff asserts that he refrained from attempting to collect on the currency agreement, the Complaint belies that statement. The fraud claim is dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is DENIED as to the claim for breach of an oral agreement and otherwise GRANTED. The Clerk is directed to close the motion at Docket No. 19.

SO ORDERED.

Dated: October 22, 2015
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**