UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            :
NEIL PERSH,                                 :
                         Plaintiff,         :
                                            :     15 Civ. 1414 (LGS)
            -against-                       :
                                            :     OPINION AND ORDER
ALDO PETERSEN,                              :
                         Defendant.         :
                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/30/2015

LORNA G. SCHOFIELD, District Judge:

By Opinion and Order dated October 2, 2015 (the "Opinion"), the motion of Plaintiff Neil Persh to disqualify attorney Clayton Parker and K&L Gates as attorneys for Defendant Aldo Petersen was denied. Plaintiff moves for reconsideration. For the following reasons, the motion is denied.

**BACKGROUND**

Familiarity with the factual background and procedural history of this case is assumed. The following facts are relevant to the disposition of this motion.

Plaintiff moved to disqualify Clayton Parker, an attorney in K&L Gates' Miami office, and K&L Gates as a firm from representing Defendant in this action under the witness-advocate rule. Plaintiff's argument for disqualification was predicated on an exchange of e-mails between Parker and Plaintiff's attorney, Neal Brickman. During this exchange, Plaintiff's attorney asked Mr. Parker to confirm:

> [Y]our -- and more importantly, your client's -- understanding that the wire confirmation that [Parker sent Plaintiff's attorney] earlier this week was evidence of the payment of money due under the Currency Exchange Agreement, that Mr. Petersen received an identical amount, and that those monies were intended to compensate Persh and Peterson [sic] for their having taken the currency risk on behalf of Mr. Nemelka.

Parker replied five minutes later that he "confirm[ed] that the summary in [Plaintiff's attorney's] email is correct." In an affidavit dated June 26, 2015, Parker swore to the following statement regarding Plaintiff's attorney's e-mail and Parker's reply:

> Two days later, on December 18, 2015, Mr. Brickman emailed me again about receiving an affidavit from Mr. Nemelka. In this email, he also asked me to confirm his version of events. A true and accurate copy of this email is attached as Exhibit F hereto. I responded by saying "I have requested the affidavit from Mr. Nemelka several times and he has said that he will send it. I will forward it once I receive the affidavit." While I did not have personal knowledge of the events described by Mr. Brickman, I confirmed my understanding at the time--as part of my effort to dissuade Mr. Brickman and his client from bringing a groundless action against Mr. Petersen. During the time this email exchange occurred, and between November 24, 2014, when Mr. Brickman emailed the Demand Email to Mr. Petersen, and January 7, 2015, when he emailed me that he had filed a Summons with Notice against Mr. Petersen in state court, I understood that the communications I had with Mr. Brickman were undertaken in furtherance of settlement and made for the purposes of demonstrating to Mr. Brickman the invalidity of the claim he had threatened to bring against Mr. Petersen.

Plaintiff argued that, based on the e-mail exchange, Parker was a necessary witness such that both he and his firm must be disqualified.

The Opinion held that the witness-advocate rule does not apply to Parker, who is not trial counsel, and that K&L Gates could not be disqualified for three independent reasons: (1) Parker's testimony about settlement discussions with Plaintiff's counsel is not admissible at trial; (2) that testimony is not necessary at trial because Parker has no first-hand knowledge; and (3) Plaintiff failed to show by clear and convincing evidence that Parker's testimony would be prejudicial to Petersen, his client.

## **STANDARD**

The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986)). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted).

## **DISCUSSION**

Plaintiff seeks reconsideration of the Opinion to "correct a clear error or prevent manifest injustice."  Because Plaintiff fails to identify any such error or injustice, Plaintiff's motion for reconsideration is denied.

Plaintiff argues that, because Parker's statement allegedly contradicts Petersen's factual assertions, it is admissible under Rule 408 because it is not offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."  Plaintiff is incorrect.  The premise of his motion to disqualify was that Parker is a necessary witness on the issues of (1) Defendant's assent to the terms of the Oral Agreement and (2) the extent of the consideration that Defendant received under that agreement.  These matters go precisely to the validity and the amount of Plaintiff's claim.

Plaintiff repeatedly argues that he should be permitted to depose Mr. Parker to determine the basis for his statements. Whether Parker's testimony is subject to discovery is irrelevant to the disqualification analysis because information need not be admissible to be discoverable. In any event, Plaintiff has been granted leave to take Mr. Parker's deposition, as his testimony is discoverable to the extent it is not privileged, even though it may be inadmissible. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible . . . .").

Plaintiff's argument that the Opinion failed to consider the complete context of Parker's e-mail confirmation on December 18, 2015, is incorrect. Plaintiff asserts that the Opinion "fails to note that Parker had taken some affirmative action to confirm his understanding at the time." Plaintiff posits that Parker confirmed his understanding with Petersen, that Petersen's communication was inconsistent with his current litigation position, and that Parker's testimony is therefore both necessary and prejudicial. This argument is speculative and based on a hypothetical and privileged conversation between Parker and Petersen. As stated in the Opinion, and as Plaintiff agrees, Parker has no personal knowledge. To the extent that his understanding is contrary to what Defendant asserts at trial, Defendant's trial counsel need only show that Parker was mistaken, and not that he is lying. There is little risk that Ms. Adler as trial counsel would pull her punches in attacking her partner Mr. Parker, because an attack is unnecessary to neutralize his testimony. She merely needs to establish that Parker did not know the facts, which Parker has already conceded. Accordingly, the independence of Petersen's trial counsel, which the witness-advocate rule is designed to protect, is not at risk and disqualification is not warranted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk is instructed to close the motion at Docket No. 54.

SO ORDERED.

Dated: October 30, 2015
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**