```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/4/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
NEIL PERSH,                                                   :
                                        Plaintiff,            :
                                                              :        15 Civ. 1414 (LGS)
                -against-                                     :
                                                              :        **OPINION AND ORDER**
                                                              :
ALDO PETERSEN,                                                :
                                        Defendant.            :
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Defendant Aldo Petersen moves for reconsideration of the Court's September 13, 2016, Opinion and Order denying Defendant's motion for summary judgment. In the alternative, Defendant moves for certification of an interlocutory appeal. Defendant's motion is denied.

## I.  BACKGROUND

Familiarity with the factual background and procedural history of this case is presumed. The following facts are relevant to the disposition of this motion.[1]

Plaintiff Neil Persh and Defendant Aldo Petersen entered into business to acquire the shares of three companies. They met in New York City on multiple occasions to discuss, negotiate and finalize the acquisition. The deal hinged upon an oral currency exchange rate agreement (the "CERA") that the parties entered into with a third party, David Nemelka. Under the CERA, Nemelka would provide a note in Danish Kroner that the parties agreed would not cost Nemelka more than $4,000,000 United States Dollars ("USD"). If the note wound up costing Nemelka more, Persh and Petersen would personally pay Nemelka the difference

---

[1] As Defendant seeks reconsideration of his summary judgment motion, all factual disputes are resolved and all reasonable inferences are drawn in Plaintiff's favor. *See, e.g.*, *Wright v. N.Y. State Dep't of Corr.*, No. 15 Civ. 3168, 2016 WL 4056036, at *4 (2d Cir. July 29, 2016).

between the amount paid and $4,000,000 USD.  If Nemelka paid less than $4,000,000 USD, he would pay Persh and Petersen the difference between the amount he paid and $4,000,000 USD.  Any payment that Nemelka owed to Persh and Petersen under the CERA was to be split equally between Persh and Petersen.  Millions of shares of one of the companies were held in escrow to be released to Nemelka upon payment of the note.

New York attorney George Lander represented both Persh and Petersen individually in creating the CERA.  Persh and Nemelka later signed a written document containing the same economic terms as the CERA and a number of other terms including a forum selection clause.  Petersen never signed the written agreement.

At issue is Persh's claim that Petersen breached the CERA.  Persh alleges that Petersen was paid pursuant to the CERA, but cut Persh out of the arrangement by creating a "side deal" with Nemelka.  Petersen moved for summary judgment, arguing that: (1) there is no disputed fact that would support a finding that Petersen breached the CERA and (2) the Court lacks personal jurisdiction over Petersen, a resident of Denmark.

By Opinion and Order dated September 13, 2016, Petersen's motion for summary judgment was denied on both grounds.  The Opinion held that a reasonable jury could find that Petersen breached the CERA by failing to share with Persh a payment Petersen allegedly received from Nemelka, based on three pieces of evidence: (1) Persh's testimony that Petersen released the escrowed shares to Nemelka, which could indicate that Petersen was paid everything he was owed, (2) Persh's testimony regarding first-hand knowledge of prior side deals conducted by Petersen, including testimony that he personally aided Petersen with such deals, which could demonstrate a pattern or practice by Petersen of a side deal with Nemelka to cut Persh out of the deal and (3) Petersen's testimony, later disavowed, that he received payment from Nemelka

under the agreement. The Opinion further held that Persh adduced evidence that, if credited, would support the exercise of specific personal jurisdiction over Petersen, including Persh's testimony that: (1) Petersen participated in numerous meetings in New York City to structure and finalize the acquisition, (2) at least one such meeting concerned the CERA and (3) Petersen engaged the services of a New York attorney to personally represent him in connection with the CERA.

## II.   STANDARD

### A.  Motion for Reconsideration

The decision to grant or deny a motion for reconsideration rests within the "sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009). The standard for granting a motion for reconsideration is "strict." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tarikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52.

### B.  Motion for Certification of an Interlocutory Appeal

A district court may certify an interlocutory appeal of a non-final order when the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification under Section 1292(b) requires "exceptional circumstances justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Transp. Workers*

*Union of Am., Local 100, AFL–CIO v. N.Y.C. Transit Auth.,* 505 F.3d 226, 229 (2d Cir. 2007) (internal quotation marks omitted).  Certification is thus appropriate only in the small subset of cases where "an intermediate appeal may avoid protracted litigation."  *Koehler v. Bank of Berm. Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996).  The ultimate decision of whether to certify an interlocutory appeal "is entirely a matter of discretion for the district court."  *In re Roman Catholic Diocese of Albany, N.Y., Inc.,* 745 F.3d 30, 36 (2d Cir. 2014) (per curiam).

### III.     DISCUSSION

#### A.  Motion for Reconsideration

Defendant does not meet the strict standard for granting a motion for reconsideration.  Defendant's primary argument is that the Court overlooked controlling law mandating Persh to proffer hard evidence in response to Defendant's motion for summary judgment.  However, Defendant has not pointed to any controlling decisions that the Court has overlooked.  Instead, Defendant reiterates the same arguments made in support of his motion for summary judgment, and cites a number of additional cases articulating the same standard that the Court already considered and applied in rejecting that motion.  Nothing in these additional cases changes the conclusion that Persh provided sufficient evidence to survive summary judgment.  *See, e.g.*, *Urbont v. Sony Music Entm't*, No. 15 Civ. 1778, 2016 WL 4056395, at *9-10 (2d Cir. July 29, 2016) (reversing grant of summary judgment where plaintiff's case was supported by plaintiff's testimony and additional circumstantial evidence).

Defendant further argues that the Court improperly relied on Persh's testimony regarding Defendant's previous side deals because the testimony does not prove the existence of such deals and is inadmissible propensity evidence.  Defendant is incorrect.  First, Persh's testimony that he personally aided Petersen in conducting similar side deals is sufficient proof of these deals at the

summary judgment stage. *See Rentas v. Ruffin*, 816 F.3d 214, 221 (2d Cir. 2016) (party entitled to rely upon own testimony to establish claim at summary judgment). Second, Persh's evidence of Petersen's other side deals may be admissible at trial, provided it shows a modus operandi and is more probative than prejudicial. *See, e.g., S.E.C. v. McGinnis*, No. 5:14 Civ. 6, 2015 WL 5643186, at *13 (D. Vt. Sept. 23, 2015) (admitting evidence that defendant previously used "a similar modus operandi" relevant to the issue of whether he "acted with similar knowledge and intent, and used the same modus operandi" in the case at issue); *see also United States v. Benedetto*, 571 F.2d 1246, 1249 (2d Cir. 1978) (finding evidence of alleged similar acts inadmissible where they did not share "unusual characteristics . . . evidencing a unique scheme or pattern.") Under Rule 404(b), Fed. R. Evid., the introduction of other wrongful acts is permitted for any relevant purpose other than to show propensity to commit the act in question. *See Ismail v. Cohen,* 899 F.2d 183, 188 (2d Cir.1990); *United States v. Brennan,* 798 F.2d 581, 589 (2d Cir.1986). Drawing all inferences in favor of Plaintiff, the non-moving party, at the summary judgment stage, Persh's testimony may properly be considered as a part of the record that creates an issue of fact on the question of whether Petersen received some payment from Nemelka, which should have been shared with Plaintiff. *See, e.g.*, *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012) ("This Circuit has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." (citation omitted)).

Defendant's request for reconsideration on the question of personal jurisdiction is similarly meritless. Persh testified that Petersen conducted business in New York related to the oral agreement, and that Petersen conducted that business in his personal capacity. If credited, this testimony would establish jurisdiction over Petersen regardless of the fiduciary shield

argument that Defendant reiterates in this motion.  Defendant's attempt to argue that the unexecuted written agreement divests this Court of jurisdiction is nothing more than an attempt to take another bite at the apple on an argument that has already been considered and rejected.  Consequently, Defendant's motion for reconsideration is denied.

### B.  Motion for Certification of an Interlocutory Appeal

Defendant also fails to meet the requirements for certification of an interlocutory appeal.  Defendant does not even attempt to argue that an interlocutory appeal would materially advance the ultimate termination of the litigation.  In approximately two weeks, an evidentiary hearing on the question of personal jurisdiction will be held, which will provide a final resolution on the question of the Court's jurisdiction over Petersen.  Certification of personal jurisdiction questions prior to an evidentiary hearing is "improvidently granted."  *Koehler*, 101 F.3d at 867.  Failure to demonstrate that certification of any of Defendant's requested appeal questions will materially advance the termination of the litigation defeats Defendant's motion on its own.

Defendant also has failed to identify substantial grounds for a difference of opinion regarding the Opinion and Order.  Simple disagreement with the Court's conclusions is insufficient to justify an interlocutory appeal.  *See In re Flor,* 79 F.3d 281, 284 (2d Cir.1996) (mere presence of disputed issue insufficient to demonstrate substantial ground for difference of opinion, even if issue is one of first impression).  Lastly, not all of Defendant's identified questions would be controlling.  Whether the Court can assert jurisdiction over Defendant for actions he took as a corporate executive has no bearing on whether the Court has personal jurisdiction over Defendant at summary judgment in light of Plaintiff's testimony that Defendant was acting in his personal capacity.  Defendant has not met the three requirements for certification of an interlocutory appeal, and as such, Defendant's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration or, in the alternative, certification for interlocutory appeal is DENIED. The Clerk of Court is respectfully directed to close the motion at Docket No. 117. Defendant's request for oral argument is denied as moot.

Dated: October 4, 2016
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**